```
           UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

PAUL W. MOORE,                : CIVIL NO. **1:06-CV-1364**
                              :
    Plaintiff         : (Magistrate Judge Smyser)
                              :
  v.                          :
                              :
UNITED STATES OF AMERICA,     :
                              :
    Defendant         :

**ORDER**

This case was dismissed by Order of May 15, 2007. (Doc. 26). It was dismissed because the claim had been settled by an agreement of the defendant to pay a certain negotiable sum to the plaintiff and the agreement of the plaintiff to accept that sum as payment in full to compensate the plaintiff for the claim(s) stated in the complaint. The Order allotted a sixty day period in which a party could move to reinstate the case if the settlement had not been consummated.

On July 3, 2007, the defendant filed a motion to reopen the case stating that the case should be reopened because the plaintiff refused to execute a release form. (Doc. 28). By Order of July 6, 2007, the defendant's motion to reopen was granted in part. (Doc. 29). A sixty day extension of time was granted, to September 15, 2007 for the parties to consummate the settlement. The motion was, otherwise, denied.

On August 16, 2007, the plaintiff's attorney filed a Motion to Enforce Settlement and Relieve Counsel (Docs. 30 & 31).  The motion states that the plaintiff will not sign the form proffered by the defendant ("Stipulation for Compromise") and will not cooperate with the plaintiff's attorney.  The motions asks the court to order that the settlement amount be entered as a judgment and that the court enter an order relieving counsel.

By Order of August 2, 2007, plaintiff, Paul W. Moore, was directed to show cause why the motion filed by his attorney should not be granted. (Doc. 32).  On September 10, 2007, the plaintiff filed a two-part response to the order to show cause. (Doc. 35).

The plaintiff and the defendant agreed to a settlement of this case, and the case was properly dismissed on that basis.  No basis is shown for the case to be reopened.  There is no problem presented as to the consummation of the settlement.  The defendant stands ready and willing to pay the settlement amount to the plaintiff.  The plaintiff wants to be relieved of the fact of his agreement to settle the case, but presents no sufficient factual grounds which under law would permit him to be relieved from his agreement.

The plaintiff's attorney asks the court to order that leave be granted to him to withdraw his appearance on

behalf of the plaintiff.  Since the case has been closed, and there will not be further litigation, that motion is moot and will be denied on that basis.

We will also deny a request to enter a judgment in the amount of the full settlement amount.  That would be incorrect.  This is not an adjudicated result, and a judgment in that amount on the basis that there is an agreement to settle in that amount is not consistent with the Federal Rules of Civil Procedure.  The parties did not agree to the entry of a judgment; rather, they agreed that the litigation would be ended on the basis of the settlement.

The court is not presented with any persuasive basis for it to reopen this case for any purpose, and the case will accordingly not be reopened.  We will extend the period for consummation of the agreement by another thirty days.  The plaintiff should be careful to realize that if he declines to accept the settlement amount from the defendant which he earlier clearly agreed to accept, there will not be an avenue of relief for him left open to further pursue compensation for his injuries.

**IT IS ORDERED** that the Motion to Enforce Settlement and Relieve Counsel (Docs. 30 & 31) is construed as a motion to reopen the case, and is **DENIED**.

3

**IT IS FURTHER ORDERED** that the time in which a motion to reopen may be filed, as first set forth by the Order of May 15, 2007 and extended by Order of July 6, 2007, is extended to October 15, 2007 and will not be further extended on the basis of the plaintiff's refusal to consummate the agreement.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   September 14, 2007.